IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HYMAN PROPERTIES, INC. | |
| Plaintiff | |
| v. | CASE NO:   1:16-CV-04617-MHC |
| AUTOMOBILES, HOLDINGS AND ACQUISITIONS, INC. and MATTHEW L. STEAKLEY | |
| v. | |
| SULLIVAN AUTOS of ATLANTA, INC. | |

## **DEFENDANTS AH&A AND STEAKLEY'S INITIAL DISCLOSURES**

COME NOW, DEFENDANTS Automobile Holdings & Acquisitions, Inc. and Matthew L. Steakley ("AH&A" and "Steakley") and states and shows as follows for their Initial Disclosures:

(1) If the defendant is improperly identified, state the defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendants have been correctly identified.**

(2) Provide the names of any parties whom defendant contends are necessary

1

parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of mis-joinder of parties, provide the reasons for defendant's contention.

**Defendants contends that Sullivan Autos of Atlanta, Inc. should be joined as a third party Defendant and Sullivan was served with the summons and third party complaint on March 24, 2017.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.

**AH&A denies Plaintiff's claims for equitable relief and constructive trust on the ground that the subject vehicle is not in AH&A's possession - although AH&A does not object to the imposition of a constructive trust upon the vehicle noting that it is the current possession of Sullivan Autos. AH&A contends that Sullivan wrongfully has taken possession of the vehicle without valid title or valid legal or equitable claim to the vehicle. Defendant incorporates all of the factual allegations contained in the Answer and Third Party Complaint**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Defendants do not contend there are any unique codes or regulations.**

**Defendant contends common law principals apply to its defenses and the basis of the Third Party complaint.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Ex. A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant has not yet identified any witnesses witness who may give expert testimony in this case. If and when such a witness or witnesses are identified Defendant will provide such other disclosures as are required by the Rules.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Ex. C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Defendant is not at this time seeking damages from Plaintiff.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Defendants contend that Sullivan Autos is responsible in whole or in part to Plaintiff and the basis of such liability is conversion as set forth in the Third Party Complaint filed in this action.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)

**AH&A has a liability policy which covers the subject vehicle for casualty loss and/or theft. AH&A has no information or belief as to whether State Farm or the Umbrella policy would provide coverage for**

**any of the claims asserted.**

**State Farm Policy Number: 812-5273-D09-11**

**Umbrella Poilcy : 11-B6-Q129-6**

Respectfully submitted this 29th day of March, 2017

*/s/ Jefferson M. Allen*
_____
Steven J. Estep
Georgia Bar No. 250450

Jefferson M. Allen
Georgia Bar No. 010898

COHEN COOPER ESTEP & ALLEN, LLC
3330 Cumberland Blvd., Suite 600
Atlanta, Georgia 30339
Tel: (404) 814-0000
Fax: (404) 816-8900
Email: sestep@ccealaw.com
       jallen@ccealaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2017, I served the foregoing Mandatory Disclosures via ECF filing for electronic delivery upon the following attorneys of record:

Robert J. Kaufman, Esq.
Michael D. Stacy, Esq.
Kaufman & Forman, P.C.
8215 Roswell Road
Building 800
Atlanta, Georgia 30350-6445
Attorneys for Plaintiff

*/s/ Jefferson M. Allen*
Steven J. Estep
Georgia Bar No. 250450
Jefferson M. Allen
Georgia Bar No. 010898
COHEN COOPER ESTEP & ALLEN, LLC
3330 Cumberland Blvd., Suite 600
Atlanta, Georgia 30339
Tel: (404) 814-0000
Fax: (404) 816-8900
Email: sestep@ccealaw.com
jallen@ccealaw.com

*Attorneys for Defendants*

**Exhibit A**

- Matthew Steakley - Owner of AH&A - may be contacted by counsel for Defendants

- Bradley Sullivan - Owner of Sullivan Autos of Atlanta, Inc. - may be contacted by counsel for Sullivan, Nicholas G. Dumich, 248 Roswell Street, Marietta Georgia 30060  770-241-5550 ndumich@bellsouth.net

- Defendants also believe that Plaintiff and Plaintiff's representatives have discoverable information.

- All persons identified by Plaintiff's Mandatory disclosures

**Exhibit B**

Defendant has not yet identified any witnesses witness who may give expert testimony in this case.  If and when such a witness or witnesses are identified Defendant will provide such other disclosures as are required by the Rules.

**Exhibit C**

- Documents related to the original purchase of the subject vehicle by AH&A in 2013

- Documents related to AH&'A insurance and registration for the subject vehicle

- email and text messages exchanged between Matthew Steakley (AH&A) and Brad Sullivan (Sullivan Motors) regarding the Subject Vehicle

- Pleadings and discovery related to the subject vehicle as set forth in the case of AH&A v. Sullvan Autos of Atlanta, Superior Court of Cobb County, Case No. 17100080

- Email and Text Messages exchanged between AH&A and representatives of Plaintiff regarding the subject vehicle.

- All documents identified by Plaintiff's Mandatory Disclosures

**Exhibit D**

Defendants are not at this time seeking damages from Plaintiff.

**Exhibit E**

Defendants are working to locate the declaration pages of the subject insurance policies and will produce when such are obtained.